**YOURNETDATING, LLC, an Illinois liability company Plaintiff,**

v.

**Scott MITCHELL and Webscapades, Inc., an Illinois corporation Defendants.**

**No. 00 C 1187.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 1, 2000.

Norman Terry Finkel, William R. Klein, Matthew Edward Hess, Young, Rosen, Dolgin & Finkel, Ltd., Chicago, IL, for Plaintiffs.

Alan R. Borlack, Eric Gustav Grossman, Bailey, Borlack and Nadelhoffer, Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Scott Mitchell used to work as a programmer for YourNetDating, which runs internet dating services. He no longer does, but YourNetDating alleges that he and Webscapades, Inc., an Illinois corporation, are using Mitchell's knowledge of the

codes he wrote to hack the YourNetDating site and divert its clients and users to a porn site they operate or operated under the name of Sexetera.[1] Sexetera advertises itself as "the forum for sexual discovery" and includes on its introductory page an illustrated banner photograph of Pamela Anderson Lee performing fellatio with a gross and vulgar descriptive caption. The rest of the site is in the same spirit. The Sexetera site was a "blind link"; that is, it was not possible to return to the YourNetDating site from Sexetera.

To use YourNetDating's services, a customer signs on and fills out a "profile," providing personal information about sex, age, physical appearance, tastes, and preferences in a partner or partners, typically under a pseudonym. The service provides a password, and thereafter a user can sign on and search for particular profiles under various categories, such as twentysomething men in Chicago.

After a customer complaint in mid-February 2000, YourNetDating investigated and determined that a certain client, purportedly based in Idaho, calling herself "Debbie Does Dallas" (the name of a well-known porn flick) had somehow embedded code in her profile that diverted YourNetDating's users to the Sexetera website whenever "Debbie" was brought up in a search, either by selecting "Debbie" individually or by searching a category that included "Debbie," such as all women in Idaho. "Debbie" could be traced to Mitchell, who admits he created the profile. YourNetDating says that it is not possible to embed such code in a profile in the ordinary course of business, and that to do this one would need special access, such as the password of a systems administrator, which they allege Mitchell has.

YourNetDating purged "Debbie," but there is evidence that Mitchell hacked their system again and did the same thing with a profile for a "Lisa Martin," purportedly based in California. That Mitchell

created "Lisa" is undisputed. Because Mitchell knows the codes that he wrote for YourNetDating, it has been impossible to keep him out of the system.

YourNetDating moves for a temporary restraining order ("TRO") or a preliminary or permanent injunction, damages, attorney's fees, and costs. The motion for a TRO is granted and the other motions are denied as premature.

■ The appropriate relief in the circumstances is a TRO, particularly since I am acting here only as the emergency judge. The standards I must apply when determining whether a TRO is appropriate are analogous to the standards applicable when determining whether preliminary injunctive relief is appropriate. *Consumer Sales & Marketing, Inc. v. Digital Equipment Corp.*, No. 95 C 5049, 1995 WL 548765, at *3 (N.D.Ill. Sept. 13, 1995). Injunctive relief is an extraordinary and drastic remedy that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997). Five factors figure into the determination of whether a preliminary injunction or TRO should be granted. *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 385–88 (7th Cir.1984). As a threshold matter, the plaintiff must show (1) a likelihood of success on the merits, (2) irreparable harm if the preliminary injunction is denied, and (3) the inadequacy of any remedy at law. Once this threshold showing is made, I balance (4) the harm to plaintiff if the preliminary injunction were wrongfully denied against the harm to the defendants if the injunction were wrongfully granted, and (5) the impact on persons not directly concerned in the dispute (the "public interest"). *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir.1999).

---

**1.** Mitchell claims that the Sexetera site is now down, having itself been hacked, and will probably not be reconstituted.

■ YourNetDating has come forward with enough to persuade me by a preponderance of the evidence that it has a likelihood of success on the merits. The evidence is mainly this: (1) when and only when certain profiles are accessed, a user is diverted to Sexetera, a site in which Mitchell has a substantial ownership interest; (2) those profiles were admittedly created by Mitchell; (3) Mitchell wrote the YourNetDating codes and allegedly had the administrative access codes that would allow him to insert the code that would divert users to Sexetera. Against this, Mitchell denies that he did this or that it is even possible to do it, but I must balance his bald (and unsworn) statement against the evidence described above. "One bare assurance is worth just as much as another." G.F.W. Hegel, *The Phenomenology of Spirit* 48 (A.V. Miller trans.1977 [1807] ) (*quoted in Olander v. Bucyrus Erie Co.*, 187 F.3d 599, 608 (7th Cir.1999)). If YourNetDating's allegations are true, the defendants have violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *see America Online, Inc. v. LCGM, Inc.*, 46 F.Supp.2d 444, 450–51 (E.D.Va.1998) (unauthorized access in violation of statute warrants injunction), and several state statutes.

The showing of irreparable harm is in the damage to the goodwill of its services. *See Gateway Eastern Railway Co. v. Terminal RR Assoc. of St. Louis*, 35 F.3d 1134, 1140 (7th Cir.1994) (damage to good will suffices for irreparable harm). Persons who sign up to get an online date. do not necessarily want be subjected to pictures of Pamela Anderson Lee performing sex acts. The customer who complained asked to be removed from YourNetDating's services, and is unlikely to be the only such person to do this.

Mitchell and Webscapades will suffer no legitimate harm of which they can complain if the TRO is granted because they have no honest business hacking YourNetDating's system and diverting its customers to Sexetera. Mitchell expresses worry about injury to his reputation and worry that if someone else hacks the YourNet-Dating system in the ten days that the TRO is in force, he will be held accountable for it. These are insubstantial concerns compared to the risks to YourNetDating.

The public will not be harmed and will be benefitted by granting the preliminary injunction because people who do want dating services but do not want hardcore porn will not be subjected to pornography because of Mitchell's misconduct.

I therefore GRANT YourNetDating's motion for a temporary restraining order, without bond, enjoining Mitchell and Webscapades or anyone acting on their behalf from (1) diverting or attempting to divert any user of YourNet or YourNetDating to Sexetera or any other website; (2) accessing or attempting to access any computer, program, or services of YourNet and YourNetDating, or (3) damaging or interfering with YourNetDating's computers, programs, or services, or otherwise injuring the business or reputation of YourNet and YourNetDating. YourNetDating's motions for damages, attorney's fees, and costs, are DENIED as premature, and will be addressed by the regular judge for this case.